UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KMS SPE LLC, a Nevada limited liability company,<br><br>                Plaintiff,<br><br>   v.<br><br>RS-ANB FUND, LP, a Delaware limited partnership,<br><br>                Defendant. | Case No. 4:11-CV-179-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Kingston Properties, LP's Motion to Intervene (Dkt. 13). Have reviewed all submitted briefs, the Court will grant Kingston's Motion.

## BACKGROUND

In January 2009, ANB Ventures submitted a successful bid for the acquisition of the assets of a distressed bank after it was seized by the Federal Deposit Insurance Corporation (FDIC). Plaintiff KMS SPE, LLC ("KMS") was formed simultaneously as a management company to administer, service, and liquidate the assets of the portfolio. The portfolio cost $24 million. And to accomplish its acquisition, several parties invested in the purchase in exchange for a profit participation interest. *Kingston Aff.* ¶ 4, Dkt. 26-1.

Kingston Properties, LP was one of the principal original investors. *Id.* ¶ 6.

In early 2009, Defendant RS-ANB Fund, LP approached the original investors and Kingston about purchasing a participation interest in the portfolio. *Id.* ¶ 6. The original investors agreed to sell 25% of their participation interest to RS for $12 million. *Id.* ¶ 10. But, according to Kingston, the original investors intended to limit RS's interest to a profit participation interest similar to their own. *Id.* ¶ 12. The original investors and RS executed a Participation Agreement outlining the terms of the sale and distribution of the profit proceeds to RS. *Id.* ¶11. Under the Agreement, RS purchased a 25% interest in each of the original investor rights to receive distributions from portfolio profits. *Id.* ¶ 12.

Disputes between the original investors and RS soon arose. *Id.* ¶¶ 13, 14, & 15. Based on its reading of the Participation Agreement, RS has taken the position that it is entitled to greater than 25% of the profits. *Id.* According to Kingston however, RS's interpretation dilutes the participation interests of the original investors. *Id.* ¶16.

Because the managing entity, KMS, is uncertain about its obligations to the original investors and RS under the Participation Agreement, it filed this action for declaratory judgment in state court. Kingston filed its motion to intervene, arguing that it has a significant protectable interest because it is a key investor in the loan portfolio central to this litigation, and RS's interpretation of the Participation Agreement would dilute Kingston's percentage ownership on the ANB profit distribution.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure set forth two types of intervention: 1) as a

matter of right and 2) permissive intervention. *See* Fed.R.Civ.P. 24(a)(2), 24(b). In this case, Kingston seeks to intervene as a matter of right.

To intervene as of right under Rule 24(a)(2), the proposed intervenor must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id.; see also Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009) ("failure to satisfy any one of the requirements is fatal to the application"). In determining whether intervention is appropriate, courts are guided primarily by practical and equitable concerns, and the requirements for intervention are broadly interpreted in favor of intervention. *City of Los Angeles*, 288 F.3d at 397.

## ANALYSIS

There is no dispute that Kingston's motions is timely. RS also concedes that Kingston has a significant protectable interest in the loan portfolio. RS argues, however, that (1) the disposition of this action will not impair or impede Kingston's ability to protect its interest in the portfolio; and (2) Kingston's interests are adequately protected by the parties to the action.

1.  **Impaired Ability to Protect Interest**

As noted above, Kingston has a significant protectable interest because it is a key investor in the loan portfolio central to this litigation, and RS's interpretation of the Participation Agreement would dilute Kingston's profit participation interest. Once a movant has successfully established a sufficient interest in the subject of the action, the movant must demonstrate that disposition of that action may "impair" or "impede" the movant's ability to protect that interest. The question must be put into practical terms rather than legal terms, and the rule is satisfied whenever disposition of the action would put the applicant at a practical disadvantage in protecting its interest. *See* 7C Wright, Miller & Kane, Federal Practice And Procedure: Civil § 1908.2 at 368 (3d ed. 2007 & Supp.2010). Generally, if the applicant would be substantially affected in a practical sense by the determination of an action, he should be allowed to intervene. *See* Fed.R.Civ.P. 24 (advisory committee notes); *Arakaki v. Cateyano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

RS argues that Kingston's interest in the loan portfolio will not be impaired because Kingston is a defendant in a companion case, *RS-ANB Fund, LP vs. KMS SPE LLC, et al.*, Civil No. 4:11-CV-00175-CWD, and Kingston will have the opportunity to fully and fairly represent its interests through that case. RS maintains that Kingston's participation in this case would just muddle the pleadings.

The Court disagrees. RS's position is based on the assumption that this case will be consolidated with the companion case. But a motion to consolidate has not even been

MEMORANDUM DECISION AND ORDER - 4

filed, and there is no guarantee that the cases will be consolidated. Moreover, RS has filed a motion for judgment on the pleadings, in which RS advocates its interpretation of the Participation Agreement. Responses are due on June 6, 2011. If RS prevails on the motion for judgment on the pleadings before the cases are consolidated, it would dispense of the case, and Kingston would lose its right to defend its position forever. Thus, as a practical matter, Kingston's ability to protect its interest in the loan portfolio would be impeded.

### 2. Adequate Representation

RS also argues that the existing parties will adequately protect Kingston's interests. The Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086. The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests "may be" inadequate. *Id.*

The most important factor in determining whether a proposed intervenor is adequately represented by a party to the action is how the intervenor's interest compares with the interests of the existing parties. *Perry*, 587 F.3d at 947 (citing *Arakaki*, 324 F.3d at 1086). But where the party and proposed intervenor share the same "ultimate

MEMORANDUM DECISION AND ORDER - 5

objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Id.*

Here, the existing parties do not adequately represent Kingston's interest. While RS argues that KMS and Kingston's interests are aligned, in reality KMS has an obligation to distribute profits to the investors in compliance with the Participation Agreement; it does *not* have a duty to resolve ambiguities in the agreement in favor or against any of the investors. KMS cannot be expected to protect Kingston's interest when it is obliged to protect the interests of all investors equally. KMS could ultimately have an interest adverse to Kingston. Therefore, Kingston has made a compelling showing that KMS would be an inadequate representative of their interests. Further, examining the *Arakaki* factors, it cannot be said that KMS would undoubtedly make all of Kingston's possible arguments. KMS does not share Kingston's property and financial interests and Kingston may have the incentive to make additional arguments that KMS does not.

## ORDER

**IT IS ORDERED that** Kingston Properties, LP's Motion to Intervene (Dkt. 13) is GRANTED.

DATED: **June 1, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge